**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TONY KERR,

    Petitioner,

v.

RAYMOND BOOKER,

    Respondent.

_____/

Case Number: 07-CV-14985
HON. ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER DENYING
THE PETITION FOR WRIT OF HABEAS CORPUS**

Tony Kerr, ("Petitioner"), presently confined at the Lakeland Correctional Facility in Coldwater, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence on second-degree murder, M.C.L. 750.317. For the reasons stated below, the petition for writ of habeas corpus is DENIED.

**I. Background**

Petitioner pled guilty to the above offense as part of a plea agreement. Petitioner was sentenced to 35-70 years in prison. Petitioner's conviction was affirmed on appeal. *People v. Kerr,* No. 252588 (Mich.Ct.App. March 8, 2004); *lv. Den.* 471 Mich. 888; 687 N.W. 2d 295 (2004). Petitioner then filed a motion for relief from judgment pursuant to the Michigan Court Rules (MCR) 6.500 *et seq.*, claiming a violation of his sixth amendment rights pursuant to *Blakely v. Washington,* 542 US 296 (2004) which was

*Kerr v. Booker,* U.S.D.C. No. 07-CV-14985

subsequently denied by the circuit court. Denial of Petitioner's motion for relief from judgment was appealed to the Michigan Court of Appeals, which denied relief. *People v. Kerr,* No. 275872 (Mich.Ct.App. June 12, 2007); *lv. Den.* 480 Mich. 921; 740 N.W. 2d 286 (2007).

Petitioner now seeks a writ of habeas corpus on the following grounds:

I. Petitioner's Sixth Amendment constitutional right was violated when [the] sentencing judge imposed [an] exceptional sentence based on facts not proven beyond a reasonable doubt nor admitted to by the Petitioner himself outside the appropriately scored sentencing guideline range.

II. Petitioner's constitutional right to effective assistance of counsel was violated when trial counsel failed to object to imposition of [an] exceptional sentence based on factors not proven beyond a reasonable doubt nor admitted to by the Petitioner himself.

III. Petitioner's constitutional right to effective counsel was violated by appellate counsel.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Kerr v. Booker,* U.S.D.C. No. 07-CV-14985

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

**A. Claims # 1. Sentence enhancement based on facts not proven beyond a reasonable doubt.**

Petitioner first claims that the trial court used three factors that had not been proven beyond a reasonable doubt nor admitted to by Petitioner, in the calculation of his sentencing guidlines.

It is well-established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)(*quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003)(unpublished); *See also Adams v. Burt,* 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007). Petitioner has no

*Kerr v. Booker,* U.S.D.C. No. 07-CV-14985

state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence.  *Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005).  "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations."  *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004).  Any error by the trial court in calculating his guideline score or in departing above his sentencing guidelines range alone would not merit habeas relief.  *Id.*

In support of his claim, petitioner relies on the case of *Blakely v. Washington,* 542 U.S. 296 (2004), in which the U.S. Supreme Court has held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301 (*citing Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

The problem with petitioner's reliance on *Blakely* is that the case in *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence.  The maximum sentence is not determined by the trial judge but is set by law.  *People v. Drohan,* 475 Mich. 140, 160-61; 715 N.W. 2d 778 (2006). "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in *Blakely*, create a range within which the trial court must set the minimum sentence." *Drohan,* 475 Mich. at 161.  Under Michigan law, only the minimum sentence must presumptively be set within the appropriate

4

*Kerr v. Booker,* U.S.D.C. No. 07-CV-14985

sentencing guidelines range. *People v. Babcock,* 469 Mich. 247, 255, n. 7; 666 N.W. 2d 231 (2003)(citing Mich. Comp. Laws Ann. 769.34(2)). Under Michigan law, the trial judge sets the minimum sentence, but can never exceed the maximum sentence. *People v. Claypool,* 470 Mich. 715, 730, n. 14; 684 N.W. 2d 278 (2004). Michigan's indeterminate sentencing scheme is therefore unaffected by the U.S. Supreme Court's holding in *Blakely. Drohan,* 475 Mich. at 164.

The decision in *Blakely* has no application to petitioner's sentence. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *See Blakely*, 542 U.S. at 304-05, 308-09. Because *Apprendi* and *Blakely* do not apply to indeterminate sentencing schemes like the one used in Michigan, the trial court's calculation of petitioner's sentencing guidelines range did not violate petitioner's Sixth Amendment rights. *See Tironi v. Birkett*, 252 Fed. Appx. 724, 725 (6th Cir. 2007)(unpublished); *cert. den.* 128 S. Ct. 1898 (2008). Petitioner is not entitled to habeas relief on his first claim.

**B. Claims # 2 and # 3. Ineffective assistance of trial and appellate counsel claims.**

The Court will consolidate petitioner's ineffective assistance of counsel claims for judicial clarity. In his second claim, petitioner alleges the ineffective assistance of trial counsel. In his third claim, petitioner alleges the ineffective assistance of appellate counsel.

Respondent contends that petitioner's claims are procedurally defaulted. "[F]ederal courts are not required to address a procedural-default issue before deciding

5

*Kerr v. Booker,* U.S.D.C. No. 07-CV-14985

against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003), *citing Lambrix v. Singletary*, 520 U.S. 518, 525 (1997). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525.  In this case, the Court finds that the interests of judicial economy are best served by addressing the merits of these claims. *See Curtis v. Lafler,* No. 2008 WL 4058597, * 9 (E.D. Mich. August 28, 2008).

To prevail on his ineffective assistance of counsel claims, petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.  The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F. 3d 602, 617 (6th Cir. 2005).

In his second and third claims, petitioner claims that neither trial counsel or appellate counsel raised a challenge to the trial court's guidelines departure based on *Blakely v. Washington,* 542 U.S. 296 (2004).  However, trial counsel did object to the court considering unproven factors.  In addition as set forth *supra, Blakely* does not prevent the trial court from relying on unproven facts.

At sentencing trial counsel did object to factors considered by the court which had not been proven beyond a reasonable doubt:

6

*Kerr v. Booker,* U.S.D.C. No. 07-CV-14985

MR. WOODRUFF: Your Honor, previously quoted in this very courtroom, serious psychological injury requiring professional treatment occurred to a homicide- victim's family. The case law is quite clear that a family member that has become disturbed-- And it's quite clear from the testimony that was gleaned on the record in this case that these family members have been injured seriously and that that psychological injury is going to be long-term. Probably the worst of that injury is going to be to this small son, who is going to be without a father from now on. Therefore, we'd ask that that remain at fifteen points, Your Honor.

THE COURT: All right. I agree --

MR. SCHROPP: Well, I guess there's no evidence, Your Honor. If I may, there's -- that's based on a presumption or assumptions. There's no evidence to support that. There was no testimony to that issue.

THE COURT: The issue is whether or not the person may require it. I think with the reference to the son, I'm going to allow that. Mr. Woodruff, I'll agree with you and score fifteen points for that...

MR. WOODRUFF: There was an uncharged methamphetamine lab there, Your Honor.

MR. SCHROPP: Uncharged.

MR. WOODRUFF: That's correct.

MR. SCHROPP: Well, certainly there's no proof of that. It wasn't charged; he wasn't convicted. We would argue that-- For that reason, we argue that point should be stricken as well.

MR. WOODRUFF: The instructions do not require that there -- obtain a separate conviction. In the police report, there was extensive mention of a -- the ingredients for a methamphetamine lab. We were not bringing that out in this trial, because, as Mr. Schropp recalls, we were concerned with his premeditation. But there was a discovery of that. And that is in the presentence. And the Court can take that in consideration under this particular OV.

In the present case, trial counsel objected to the scoring of the sentencing guidelines stating that there was insufficient evidence to support the scoring variables. Therefore, counsel was not ineffective for failing to object.

7

*Kerr v. Booker,* U.S.D.C. No. 07-CV-14985

Moreover, because *Blakely* was decided after Petitioner's sentencing and his direct appeal with the Michigan Court of Appeals had concluded, the failure of Petitioner's trial and appellate counsel to raise objections based on *Blakely* did not constitute deficient assistance of counsel. *See Nelson v. U.S.,* 406 F. Supp. 2d 73, 75 (D.D.C. 2005).

Finally, because *Blakely* does not apply to Michigan's indeterminate sentencing scheme, petitioner is unable to show that he was prejudiced by either trial or appellate counsel's failure to raise a challenge to his sentence based upon *Blakely.* Accordingly, petitioner is not entitled to habeas relief on his second and third claims.

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: April 13, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 13, 2009, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary